H. Frank **MALONE**, Acting Regional Director of the Eleventh Region of the National Labor Relations Board, for and on Behalf of the **NATIONAL LABOR RELATIONS BOARD**, Appellee.

v.

**UNITED STEEL WORKERS OF AMERICA, AFL–CIO**, Appellant.

No. 15074.

United States Court of Appeals, Fourth Circuit.

Argued Sept. 14, 1970.

Decided Oct. 13, 1970.

Jerome A. Cooper, Birmingham, Ala., for appellant.

Marvin Roth, Atty., N. L. R. B., for appellee.

Before BOREMAN, BRYAN and CRAVEN, Circuit Judges.

PER CURIAM:

A secondary boycott directed at Georgetown Steel Corporation was charged to United Steel Workers of America, AFL-CIO and investigated by the National Labor Relations Board. The complaint alleged that the union during August 1970 was picketing at the entrance to a public pier in Georgetown, South Carolina, from which the company's steel is shipped, announcing that the corporation's employees had struck.

The Board determined that it reasonably appeared that an unfair labor practice—a violation of section 8(b) (4) of the Act, 29 U.S.C. 158(b) (4)—had been committed by the union in maintaining the picket line.

On August 29, 1970 the Federal District Court for South Carolina, on the petition of the Board, issued an injunction forbidding the maintenance of the picketing until the Board should finally adjudicate the dispute, section 10(l), 29 U.S.C. 160(l). Without success, application was made by the union to the District Court and thereafter to the Chief Judge of this court to stay the injunction. This appeal followed.

Critical to this controversy is the soundness of the Board's finding that there was "reasonable cause to believe that such charge is true". The issue for the courts' decision is not the union's guilt or innocence of a transgression of the Act. The inquiry is not so definitive. When the finding has been made by the District Court—as it was here—that "reasonable cause" is present, an injunction may be issued.

A review of the record is convincing that the evidence supports the trial judge's finding. Certainly, it was not "clearly erroneous", F.R.Civ.P. 52(a), nor was there abuse of discretion in granting the injunction.

Affirmed.